UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARE HEALY, Individually and ) <br> as Parent and Next Friend of ) <br> RODNEY HEALY, Her Minor Child, ) <br> 1 Westgate Drive, #2 ) <br> Dover, NH 03820, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No.: 05-CV-1979(RMC) <br> <br> ECF |

**DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant United States moves to dismiss Plaintiff Claire Healy's Complaint for lack of subject matter jurisdiction. In support of the Motion, Defendant refers the Court to the attached Memorandum of Law and Authorities, the Declaration of Mr. Robert W. Chamberlain and its accompanying exhibits, and the attached Proposed Order.

Dated:                                                          Respectfully Submitted,


                                                                   /s/
                                                                KENNETH L. WAINSTEIN, D.C. BAR #451058
                                                                United States Attorney


                                                                   /s/
                                                                R. CRAIG LAWRENCE, D.C. BAR #171538
                                                                Assistant United States Attorney

                /s/
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARE HEALY, Individually and ) <br> as Parent and Next Friend of ) <br> RODNEY HEALY, Her Minor Child, ) <br> 1 Westgate Drive, #2 ) <br> Dover, NH 03820, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No.:05-CV-1979(RMC) <br><br> ECF |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.    Introduction**

Plaintiff Clare Healy, on her own behalf and on behalf of her minor son, Rodney Healy, initially filed this lawsuit in the District of Columbia Superior Court against Special Agent (S.A.) Hugh Stuart Williamson for negligently causing a car accident when his vehicle collided with her car.  The United States government certified that S.A. Williamson was on official duty when the accident occurred and substituted it as the sole defendant.  Subsequently, the United States government removed this action to the District Court for the District of Columbia.

Ms. Healy's Complaint is subject to dismissal because she failed to exhaust her administrative remedies under the Federal Torts Claim Act, 28 U.S.C. §§ 2671 *et seq*. Specifically, Ms. Healy failed to present to the appropriate federal agency – the FBI – a written statement describing the alleged accident and setting forth a sum certain as required under 28

1

U.S.C. § 2675(a).  See also 28 C.F.R. §14.2(a).  For these reasons, the Court lacks subject matter jurisdiction in this case as Ms. Healy failed to exhaust administrative remedies for her claims.

**II.  Background**

On June 17, 2002, while traveling from the FBI Washington Field Office to his office in Calverton, Maryland, Special Agent (S.A.) Hugh Stuart Williamson's vehicle collided with Ms. Clare Healy's vehicle.  Compl. at ¶ 1-2; see also Notice of Removal, Gov. Exh. B (Dkt. #1).  S.A. Williamson's vehicle struck the rear of Ms. Healy's car.  Compl. at ¶ 4.

On August 16, 2002, Ms. Healy's attorney, Mr. Jay S. Marks, wrote to S.A. Williamson notifying him that he (Mr. Marks) is representing Ms. Healy with regard to the accident.  Gov. Exh. A.  Mr. Marks also asked S.A. Williamson to give the FBI, S.A. Williamson's employer, the letter.  Id.  In response, on October 7, 2002, the FBI informed Mr. Marks that his client, Ms. Healy, must submit a complete and signed Standard Form-95 for the FBI to process her claims.  Gov. Exh. B.

About two months later, on December 17, 2002, Mr. Marks directly wrote to the FBI informing it that he is representing Rodney Healy regarding the accident.  Gov. Exh. C.  The letter also informed the FBI that Rodney is Ms. Healy's minor child.  Id.  In response to that letter, on January 24, 2003, the FBI again informed Mr. Marks that his client, Ms. Healy, needs to complete the Standard Form-95 on behalf of her son, Rodney.  Gov. Exh. D.  To date, the FBI has not received any other documents from Ms. Healy or her attorney.  See Declaration of Robert W. Chamberlain ("Chamberlain Decl.") (Gov. Exh 1).

Instead of providing the FBI with the requested documentation, on June 16, 2005, Ms. Healy filed this cause of action in the District of Columbia Superior Court.  See also Notice of

Removal Gov. Exh. A (Dkt. #1). Ms. Healy is bringing this case on behalf of herself and her minor child, Rodney Healy. Ms. Healy alleges that S.A. Williamson negligently operated his vehicle and caused the accident. Compl. at ¶ 6, 9. Ms. Healy claims that the accident caused her severe and permanent injuries. Id. at ¶ 7. Ms. Healy also claims that her son, Rodney, sustained severe and permanent injuries. Id. at ¶ 9.

On October 6, 2005, the United States government certified that S.A. Williamson was operating the vehicle while on official duty and substituted it as the sole defendant. See also Notice of Removal at ¶ 3 (Dkt. #1). On that same day, the FBI also removed the action from the District of Columbia Superior Court to the federal district court in the District of Columbia. Id. Mr. Marks was served with a copy of the removal notice. Dkt # 1.

### III.   Standard of Review

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501 (1975). Where a motion to dismiss, however, presents a dispute over the factual basis for the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." Phoenix Consulting, Inc. v. Rep. of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000). "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C.1998).

**IV.     Argument**

When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, the only possible basis for relief is under the FTCA.  The FTCA authorizes district courts to hear suits against the United States

> for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); see also Cope v. Scott, 45 F.3d 445, 447 (D.C. Cir. 1995).

The FTCA, however, prohibits a plaintiff from filing suit in federal court until she has exhausted her administrative remedies.  Bancoult v. McNamara, 370 F. Supp.2d 1, 10 (D.D.C. 2004).  Under the FTCA, exhaustion occurs once a plaintiff has presented to the appropriate federal agency a claim describing with specificity the alleged injury and setting forth a sum certain.  Id. at 11.  More particularly, this presentment requirement mandates that a claimant file "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claims."  Murphy v. United States, 121 F. Supp.2d 21, 27 (D.D.C. 2000).  The purpose of the presentment requirement is to give notice to the affected federal agency.  Williams v. United States, 932 F. Supp. 357, 361 (D.D.C. 1996).  To that end, courts have construed the two elements of the presentment requirement as providing "no more information than the regulations specify for the initial presentment of a claim: 'an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain.'"  Id. at 361 (citing GAF Corp. v. United States, 818 F.2d 901, 920 (D.C. Cir. 1987).

Here, Ms. Healy has not exhausted her administrative remedies for failure to satisfy the presentment requirement. Specifically, Ms. Healy has not filed with the FBI a written statement, such as a Standard Form 95, describing the alleged car accident and setting forth a damages amount certain. Ms. Healy's attorneys merely notified the FBI that she was being represented by counsel. Her attorneys failed to provide any additional information.

On August 16, 2002, two months after the alleged car accident, Ms. Healy's attorney, Mr. Jay S. Marks, wrote to S.A. Williamson advising him that he (Mr. Katz) is representing Ms. Healy for "damages and personal injuries sustained in an automobile accident on June 17, 2002." See Gov. Exh. A. Mr. Marks also asked that S.A. Williamson provide the letter to his employer. Id. S.A. Williamson subsequently referred the letter to his employer, the FBI. In response to Mr. Marks' August 16th letter, on October 7, 2002, the FBI informed Mr. Marks that,

> [I]n order to process an administrative claim pursuant to the provisions of the Federal Torts Claim Act (FTCA), we must be in receipt of a properly completed claim. Enclosed for your client, Clare Healy's convenience are two blank Standard Form 95's (SF-95's), Claims for Damage, Injury or Death. Please have Ms. Healy complete an SF-95 in its entirety, including stating a sum certain amount under items 12a, 12b and 12d, a signature under item 13a, and a date under item 14.

Gov. Exh. B. Instead of providing the requested information, on December 17, 2002, Mr. Marks wrote to the FBI directly and informed the FBI that his office

> represents Mr. Rodney Healy, a minor child, for damages and personal injuries sustained as a passenger in an automobile accident on June 17, 2002, on New York Avenue, N.E., near its intersection with First Street, N.E., in Washington, D.C. Mr. Healy is the minor son of Ms. Clare Healy, whose file number is referenced above.

Gov. Exh. C. In response, the FBI again advised Mr. Marks that,

> [I]n order to process an administrative claim pursuant to the provisions of the Federal Torts Claim Act (FTCA), we must be in receipt of a properly completed

5

> claim. Enclosed for your client, Rodney Healy's convenience are two blank Standard Form 95's (SF-95's), Claims for Damage, Injury or Death. Please have Ms. Clare Healy complete an SF-95 in its entirety on behalf of her son Rodney Healy, including stating a sum certain amount under items 12b and 12d, a signature under item 13a, and a date under item 14.

Gov. Exh. D. To date, the FBI has not received an SF-95 form or any other written statement from Ms. Healy or her attorney. See Chamberlain Decl. at p. 2-3. Under these facts, it is clear that Ms. Healy has failed to exhaust administrative remedies for failure to submit the required documentation to the FBI for processing of her claims. Accordingly, the Court should dismiss her claims for lack of subject matter jurisdiction.

Even assuming that Mr. Marks' two letters to the FBI satisfy the first prong of the presentment requirement – namely that the two letters constituted a written statement describing the alleged injury – those two letters do not satisfy the "sum certain" prong. See Kokotis v. Unites States Postal Services, 223 F.3d 275, 279 (4th Cir. 2000) (stating that "a sum certain is a necessary element of any FTCA administrative claim."). "The sum certain requirement is not a trap for the unwary. Rather, this requirement allows an agency to assess a claim's settlement value." Id. at 279. Furthermore, a failure to specify the amount of damages sought frustrates the purpose of the FTCA's administrative exhaustion process. Id.

Here, neither Ms. Healy nor her attorney provided the FBI with a "sum certain" as to the damages sought from the FBI. The two letters – dated August 16, 2002 and December 17, 2002 – merely informed the FBI that Ms. Healy and Rodney are represented by counsel. These letters fail to set forth any damages sought from the FBI. This failure warrants dismissal of this case for failure to exhaust administrative remedies. See Bowden v. United States, 106 F.3d 433, 441 (D.C. Cir. 1997) (affirming dismissal of FTCA claims for failure to inform the federal agency of

6

the amount of damages sought).[1]

## V. Conclusion

Ms. Healy failed to exhaust her administrative remedies under the FTCA prior to bringing suit in court. Specifically, despite the FBI informing her on two separate occasions that she need to complete form SF-95 and provide a sum certain for her damages in order for the FBI to process her claims, Ms. Healy ignored these two notices. Ms. Healy never provided the FBI with any documentation of the alleged accident and injuries. For these reasons, the Court should find that Ms. Healy failed exhaust administrative remedies and dismiss this case for lack of subject matter jurisdiction.

Dated: December 14, 2005.                    Respectfully Submitted,

                                             /s/
                                             KENNETH L. WAINSTEIN, D.C. BAR #451058
                                             United States Attorney


                                             /s/
                                             R. CRAIG LAWRENCE, D.C. BAR #171538
                                             Assistant United States Attorney

---

[1] Moreover, Ms. Healy's claims are barred by the statute of limitations. Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency <u>within two years</u> after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added); <u>Kubrick v. United States</u>, 444 U.S. 111, 117-18 (1979) (noting that Courts are not to extend this waiver of sovereign immunity beyond what Congress intended). Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." <u>Houston v. United States Postal Serv.</u>, 823 F.2d 896, 902 (5th Cir. 1987) (emphasis in original) (citing numerous cases). <u>See also</u> <u>Willis v. United States</u>, 719 F.2d 608, 612 (2d Cir. 1983); <u>Schuler v. United States</u>, 628 F.2d 199, 201 (D.C. Cir. 1980). To date, more than three and one-half years since the car accident, Ms. Healy has not filed her administrative claims. Her claims, therefore, are forever barred by the statute of limitations.

                                      /s/
                    _____
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on December 14, 2005, service of the foregoing Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction was made via the Court's Electronic Case Filing System and by first class, postage prepaid mail to Ms. Clare Healy and her counsel addressed as follows:

Ms. Clare Healy
1 Westgate Drive, # 2
Dover, NH 03820

Jay S. Marks, Esq.
Marks & Katz, LLC
1400 Spring Street, Ste. 410
Silver Spring, MD 20910


/s/

JOHN C. TRUONG

Assistant United States Attorney