UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLARE HEALY, Individually<br>And as Parent and Next Friend of<br>RODNEY HEALY, Her Minor Child<br><br>　　　　Plaintiffs,<br><br>v.<br><br>HUGH STUART WILLIAMSON<br><br>　　　　Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br><br><br><br>Case Number: 1:05CV01979<br>Judge: Hon. Rosemary M. Collyer |

**PLAINTIFFS' MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**I.     Facts**

On June 17, 2002, at approximately 8:15 a.m., Defendant Hugh Williamson was operating a vehicle that struck the rear of a vehicle operated by Plaintiff Clare Healy. Minor Plaintiff Rodney Sean Healy was also in the vehicle. As indicated by the attached Affidavit of Plaintiff Clare Healy, Defendant Williamson was reaching into the passenger area of his vehicle when he took his eyes off the road and struck the rear of Plaintiffs' vehicle. (Exhibit 1, Affidavit of Clare Healy)

Plaintiffs filed suit on June 16, 2005, against Defendant Williamson personally in the Superior Court of the District of Columbia, alleging his negligence in the operation of his automobile as the proximate cause of Plaintiffs' injuries. Defendant United States removed the case and substituted itself for Defendant Williamson.

Plaintiffs contend that Defendant Williamson, not the United States, is the proper party defendant in this case, and that the matter should not be dismissed. The parties should be permitted to proceed to discovery to determine, at the very least, whether Defendant Williamson was acting within the scope of his employment pursuant to 28 USC § 1346(b)(1).

**II.     Discussion**

  *A.     Standard of Review and Burden of Proof for Rule 12(b)(1) Motions*

While the Court must accept as true all factual allegations contained in Plaintiffs' Complaint when reviewing Defendants' motion to dismiss pursuant to Rule 12(b)(1), Plaintiffs nevertheless have the burden of proof to establish jurisdiction and thus Plaintiffs' factual allegations in their Complaint bear closer scrutiny. *Public Util. Dist. No. 1 v. FERC,* 315 F Supp. 2d 89 (D.D.C. 2004). *Lipsman v Sec'y of the Army*, 257 F Supp 2d 3 (D.D. C. 2003).

As the Circuit Court for the District of Columbia Circuit previously stated,

> [w]hen subject-matter jurisdiction is questioned, the court must, of course, satisfy itself of its authority to hear the case, . . . and in so doing, it may resolve factual disputes. . . The court has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction, . . . and normally it may rely upon either written or oral evidence. . . *The court must, however, afford the nonmoving party 'an ample opportunity to secure and present evidence relevant to the existence of jurisdiction.'*

*Prakash v. American University,* 727 F.2d 1174, 1179-80 (D.C. Cir. 1984) (footnotes omitted) (citations omitted) (emphasis added)

The *Prakash* court also looked to *Autera v. Robinson*, 419 F.2d 1197 (D.C. Cir. 1969), in which the Circuit Court also held that the District Court erred by disposing of a Rule 12(b) motion solely on affidavits and statements made by the parties' counsel. Although the Circuit Court acknowledged the trial judge's broad discretion to decide to hear testimony on a motion, the Circuit required a motion on factual issues in dispute.

> We said that the District Court's finding on the disputed issue of fact without the benefit of oral testimony was, as it had to be, the product of a selection unbenefited by built-in aids to a discriminating choice. The opportunity to judge credibility was nonexistent as to the absent affiants; the opportunity to probe by cross-examination was completely lacking. Without these twin tools, normal in the trial of factual issues, the factual conclusion was certain to take on an unaccustomed quality of artificiality.

*Autera v. Robinson*, 419 F.2d 1197, 1202 (D.C. Cir. 1969).

When a District Court faces a factual challenge to a complaint's jurisdictional allegations, the Court must grant an opportunity to conduct additional discovery before making its decision only if it is possible for plaintiff to demonstrate requisite jurisdictional facts if afforded that opportunity. *St.Clair v Chico*, 880 F2d 199, (9th Cir 1989), *cert denied* 493 US 993, 107 L Ed 2d 539, 110 SCt 541 (1989).

A District court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S.

64, 96 L. Ed. 2d 51, 107 S. Ct. 2246 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. National Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992). When the District court faces factual challenge to complaint's jurisdictional allegations, it must grant opportunity of conducting additional discovery before making its decision only if it is possible that plaintiff can demonstrate requisite jurisdictional facts if afforded that opportunity. *St. Clair v Chico,* 880 F2d 199 (1989), *cert den* 493 US 993, 107 L Ed 2d 539, 110 S Ct 541 (1989).

      B.     *Federal Tort Claims Act*

The Federal Tort Claims Act, 28 USC § 2672, et. seq., provides, in part, that the United States may settle any claim for money damages "for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency *while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 USC § 2672. (emphasis added) In addition, the United States "shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 USC § 2674.

      C.     "Scope of Employment" and the Law of the District of Columbia

The District court must apply the state's law of respondeat superior to determine whether an individual was acting within the scope of employment at the time of the tortious conduct giving rise to the complaint. *Skeen v. Federated Republic of Brazil*, 566 FSupp.

1414, 1417-18 (DDC 1983), *citing Baker v. United States*, 230 F.2d 831 (D.C. Cir. 1956). *See also*, .*Stewart v United States,* 458 F Supp 871 (SD Ohio, 1978); *Calvary v United States*, 355 F Supp 805 (WD Tenn. 1973). *See also*, *Cooner v United States,* 276 F2d 220 (4th Cir. 1960); *Marcum v United States* 208 F Supp 929 (WD Ky.1962), *affd*, 324 F2d 787 (6th Cir. 1963); *Pattno v United States*, 311 F2d 604 (10th Cir. 1962), *cert denied,* 373 US 911, 10 L Ed 2d 412, 83 S Ct 1300 (1963); *Witt v United States*, 319 F2d 704 (9th Cir. 1963).

In this case the accident occurred on the District of Columbia. Under the doctrine of respondeat superior in the District of Columbia, an employer may be held liable for the acts of his employees committed within the scope of their employment. *Penn Central Transportation Co. v. Reddick*, 398 A.2d 27, 29 (D.C. 1979). As a general rule, whether an employee is acting "within the scope of his employment" is a question of fact for the jury. It becomes a question of law for the court, however, if there is not sufficient evidence from which a reasonable juror could conclude that the action was within the scope of the employment. *Johnson v. Weinberg*, 434 A.2d 404, 408-09 (D.C. 1981); *Penn Central Transportation Co., supra*, 398 A.2d at 31-32; *Meyers v. National Detective Agency, Inc.*, 281 A.2d 435, 437 (D.C. 1971); *Jordan v. Medley*, 228 U.S. App. D.C. 425, 429, 711 F.2d 211, 215 (1983).

   D.  *Dismissal Is Premature in this Case*

Dismissal of Plaintiffs' Complaint in this matter would be premature because there has been an insufficient development of the factual record to determine whether Mr. Williamson was acting within the scope of his employment at the time of the accident.

The Declaration of his employer states that Mr. Williamson was on official duties at the time, however no depositions have been taken and no documents have been produced, such as time records or cellular telephone calls, to support any such assertion. Other than an assertion from Mr. Williamson's supervisor, there is no other evidence in the record to determine whether in fact Mr. Williamson was indeed acting within the scope of his employment at the time of the accident that injured Plaintiffs.

Plaintiff's Affidavit states that Mr. Williamson never stated that he was on duty at the time of the accident. If Mr. Williamson was not on any official duty or mission, or was on a personal errand (his supervisor's protestations notwithstanding), this accident may not have occurred within the scope of his employment.

In addition, and by analogy, the District of Columbia workers' compensation law employs the "coming and going rule," which states that an employee cannot recover for injuries suffered while coming and going to work. *McKinley v. District of Columbia Dep't of Empl. Servs.*, 696 A.2d 1377, 1389, *citing Grayson v. District of Columbia Dep't of Employment Servs.*, 516 A.2d 909, 911 (D.C. 1986). Similarly, if Mr. Williamson was not yet on the job but was simply driving from his home to his office, he was not doing anything within the scope of his employment, and the Federal Tort Claims Act is not properly invoked.

Defendant United States rushes to dismiss this matter on the flimsiest of records without any discovery to provide the evidence necessary for such a determination. Plaintiff is at a

disadvantage to produce evidence to the contrary because she had neither the opportunity nor wherewithal to question Mr. Williamson at the time of the accident. Plaintiff should be given an opportunity to depose Mr. Williamson and obtain documents through discovery so that a robust evidentiary record exists to decide this issue, rather than rely on an untested declaration from a third party, as the U.S. Court of Appeals for the D.C. Circuit Court warned against.

**III.   Conclusion**

For the reasons set forth herein, Plaintiffs oppose Defendant's Motion to Dismiss and seek a scheduling order to proceed with discovery in this case.

                          Respectfully submitted,

                          _____*signed*_____
                          Jay S. Marks, Bar No. 486005
                          Marks & Katz, LLC
                          1400 Spring Street, Suite 410
                          Silver Spring, Maryland 20910
                          (301) 495-4300
                          Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2005, I served electronically on the following the attached Memorandum of Law and Authorities in Support of Plaintiffs' Response to Defendant's Motion to Dismiss:

Mr. John Truong
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW
Washington, DC 20530

Attorney for Defendant


_____signed_____
Jay S. Marks, Bar No. 486005
Marks & Katz, LLC
1400 Spring Street, Suite 410
Silver Spring, Maryland 20910
301-495-4300