# DEPARTMENT OF JUSTICE

# FEDERAL BUREAU OF INVESTIGATION



## DELETION CODES

A.   INFORMATION WHICH IS PROPERLY CLASSIFIED PURSUANT TO EXECUTIVE ORDER, THE DISCLOSURE OF WHICH COULD REASONABLY BE EXPECTED TO CAUSE DAMAGE TO THE NATIONAL SECURITY OR THE CONDUCT OF THE GOVERNMENT'S INTERNATIONAL RELATIONS.

B.   INFORMATION, THE DISCLOSURE OF WHICH WOULD TEND TO REVEAL THE IDENTITY OF AN INFORMANT.

C.   INFORMATION OBTAINED FROM A FOREIGN GOVERNMENT OR INTERNATIONAL ORGANIZATION WHERE THERE IS AN AGREEMENT OR UNDERSTANDING THAT THE INFORMATION RECEIVED WILL BE TREATED CONFIDENTIALLY.

D.   INFORMATION PROTECTED UNDER THE GRAND JURY SECRECY PROVISION -- RULE 6(E) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

E.   INFORMATION, THE DISCLOSURE OF WHICH WOULD TEND TO IDENTIFY A SOURCE OF INFORMATION, WHERE CONFIDENTIALITY IS EXPRESSED OR IMPLIED.

F.   ADMINISTRATIVELY DESIGNATED FBI FILE NUMBERS, WHICH REPRESENT INDIVIDUALS OR MATTERS WHICH ARE NOT THE SUBJECT OF THIS FILE.

G.   THE LAW ENFORCEMENT PRIVILEGE - THE DISCLOSURE OF THIS INFORMATION COULD CAUSE HARM TO, IMPEDE, IMPAIR, OR HINDER AN INVESTIGATION AND/OR AN INVESTIGATIVE INTEREST OF THE FBI.

H.   THE LAW ENFORCEMENT PRIVILEGE - THE DISCLOSURE OF THIS INFORMATION WOULD IMPEDE OR IMPAIR THE EFFECTIVENESS OF AN INVESTIGATIVE TECHNIQUE, METHOD OR PROCEDURE OF THE FBI.

I.   INFORMATION, THE DISCLOSURE OF WHICH WOULD DIVULGE OPINIONS, RECOMMENDATIONS, AND ADVICE GENERATED IN THE DECISION-MAKING PROCESS OF THE GOVERNMENT.

J.   INFORMATION, THE DISCLOSURE OF WHICH IS PROHIBITED BY FEDERAL STATUTE (WITH CITATION TO THE APPROPRIATE STATUTE).

K.   INFORMATION PROTECTED UNDER THE ATTORNEY-CLIENT PRIVILEGE.

L.   INFORMATION OR MATERIAL PROTECTED UNDER THE WORK PRODUCT DOCTRINE.

M.   INFORMATION WHICH IS NOT RESPONSIVE.

N.    INFORMATION ORIGINATING WITH ANOTHER GOVERNMENT
       AGENCY WHICH MUST BE REFERRED TO THAT AGENCY FOR
       REVIEW.  THE USE OF THIS CODE DOES NOT WAIVE ANY
       APPLICABLE PRIVILEGE WHICH MAY BE APPLIED BY THE
       ORIGINATING AGENCY.

O.    OTHER, AS SPECIFIED.

P.    THE PRIVACY ACT OF 1974, 5 U.S.C. § 552A

P-1.  INFORMATION, THE DISCLOSURE OF WHICH WOULD BE AN UNWARRANTED
       INVASION OF PERSONAL PRIVACY.

S.    PERSONAL IDENTIFYING INFORMATION RELATED TO LAW
       ENFORCEMENT PERSONNEL AND THEIR FAMILY MEMBERS, THE
       DISCLOSURE OF WHICH IS ROUTINELY GUARDED FOR SECURITY
       REASONS.

# ATTACHMENT A



(M)

## 1-3.1.1 Home-to-Work Use of Bureau Automobiles

(1) |Pursuant to Title 31, USC, Section 1344, the FBI's
| Home-to-Work Transportation Plan (HTWTP) specifies positions which are
| expressly authorized for the utilization of government vehicles by FBI
| personnel on a routine basis for home-to-work transportation. To
| provide each field office an adequate capacity to respond to emergency
| and other investigative demands, the positions which are authorized to
| use a government vehicle on a routine basis include officials in
| charge of FBI field offices and their alternates (ADICs, SACs, ASACs);
| field office Supervisory Special Agents; Undercover Special Agents;
| Special Agents (SAs) assigned to Special Operation Groups; SAs
| assigned to resident agencies and Legal Attaches; personnel assigned
| to Special Surveillance Groups; and field office SAs designated for
| off-duty or emergency response.|

|         (2) |The official in charge (ADIC or SAC) or designated
| representative(s) is required to maintain a current list of employees
| authorized to take government vehicles home on a routine basis. A
| semiannual review must be performed and documented of the personnel
| authorized to take vehicles home on a routine basis to ensure that
| emergency and investigative demands of the position continue to
| require the use of a vehicle. These documented reviews are to be
| performed semiannually and maintained in an appropriate administrative
| file and subject to review during the field office inspection.|

|         (3) |In addition to personnel expressly authorized for use
| of a government vehicle for home-to-work transportation, the official
| in charge (EAD/AD/ADIC or SAC) or designated representative(s), may
| authorize the conditional use of a government vehicle for
| transportation between an employee's domicile and place of employment

| by completing the Form FD-490, "Authorization to Maintain Bureau
| Vehicle Overnight at Employee's Residence on an Irregular and/or
| Emergency Basis." This authorization is based on duties that involve
| travel from the employee's home to various locations, such as
| surveillance posts, arrest and search scenes, sites of meetings with
| operatives, suspects, or witnesses, and other locations. The use of a
| government vehicle for home-to-work transportation is approved on a
| conditional basis (FD-490) where such use is essential for the safe
| and efficient performance of intelligence, counterintelligence,
| protective services, or criminal law enforcement duties requiring the
| presence of that employee, in an official capacity, at a location
| other than the office to which he or she is assigned.|

|        (4) |The FD-490 will be completed for the entire period
| the vehicle is anticipated to be utilized. If the period extends
| beyond 90 days, a separate FD-490 will be completed to cover every 90
| days the requirement exists. An administrative file will be
| established in each field office and FBIHQ Division for completed FD-
| 490s. The official in charge (EAD/AD/ADIC or SAC) or designated
| representative(s) is required to perform and document semiannual
| reviews to ensure that only Bureau vehicles with written authorization
| and justification (a completed FD-490) are taken home. The documented
| reviews will be performed semiannually and be maintained in the
| administrative file and subject to review during the field office
| inspections. The FD-490s may be destroyed at the completion of the
| field office's inspection.|
|

   **EffDte: 02/06/2002 MCRT#: 1172 Div: FD Cav: SecCls:



# ATTACHMENT B

(Rev 08-28-2000)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                              **Date:** 03/25/2002

**To:** Baltimore

**From:** Baltimore
          SQ 1
          **Contact:** CDC Robert W. Chamberlain

**Approved By:** Hunt Lynne A
                  Lewis Kevin R

**Drafted By:** Chamberlain Robert W:jag

**Case ID #:** 66F-BA-94050
               66F-BA-94052
               66F-BA-94052-A

**Title:** HOME-TO-WORK TRANSPORTATION PLAN
           BALTIMORE FIELD OFFICE POLICY

**Synopsis:** To document semi-annual review of list of authorized
employees who take home vehicles.

**Details:** Pursuant to All SAC Memorandum dated 2/6/2002 regarding
Home-to-Work Transportation Plan, FBI Field Office Policy, the
following list of expressly authorized employees has been
reviewed to determine the justification for the home-to-work use
of their vehicle.

It has been determined that the responsibilities and
operational needs of the following employees continue to require
the home-to-work use of their vehicle:


(M)

66F-BA-94052-A-7mu

To:  Baltimore  From:  Baltimore
Re:  66F-BA-9405, 03/25/2002


<u>Dover</u>

(M) ████████████████████████████████


<u>Frederick</u>

(M) ████████████████████████████████


<u>Metropolitan Maryland Office at Calverton</u>

<u>Squad 6</u>




<u>Squad 8</u>

(M) ████████████████████████████████████

<u>Hugh S. Williamson</u>

<u>Squad 9</u>

(M) ████████████████████████████████


<u>Squad 13</u>

(M) ████████████████████████████████


<u>Squad 19</u>

(M) ████████████████████████████████

# ATTACHMENT C

}
                            SENSITIVE
Manual: MAOPP1 MANUAL OF ADMIN OPERATIONS AND PROCEDURES PART 1
-------------------Old Version - Effective Date: 05/15/1997-------------------

1-3.1        Bureau Vehicles (See MAOP, Part I, 12-2.5.1;
             Part II, 6-1.2.3.)


        (1)    Bureau vehicles (to include|government-owned
vehicles, and vehicles rented or leased by the FBI)|are to be used for          |
official business only.   In connection with the use of Bureau
vehicles, transportation for other than FBI employees is to be
restricted to individuals and their families, or aides accompanying
them, who are traveling to attend FBI-sponsored or FBI-participating
functions or have other direct business to transact with FBI officials
and/or officials of the Department of Justice traveling on official
business.

             (a)  |Deleted|                                                     |

        (2)    Bureau vehicles are allowed to be driven between an
employee's residence and work place to enable the FBI to maintain an
emergency response capability which is necessitated by the nature of
the work and not solely for the personal convenience of employees.   In
conjunction with this, the most direct and expeditious route to and
from the employee's residence should be observed.   An employee may,
when circumstances warrant such an action, interrupt his/her travel as
long as he/she does not deviate from an expeditious route to his/her
residence nor impair his/her ability to retain emergency response
capability.

        (3)    FBI employees are authorized to accompany the driver
of the Bureau automobile to and from the driver's residence and the
place of work provided that the trip is justifiable as necessary for
the Bureau to retain its emergency response capabilities and no
significant deviation from the most direct route occurs.

        (4)    An SAC may authorize on a case-by-case basis an
Agent's spouse to travel in a Bureau automobile while the Agent is en
route to and from a function in which the Agent has an official role,
provided the Bureau vehicle is used exclusively as basic
transportation to and from the FBI-sanctioned function.   The foremost
consideration in granting such a request should be whether such travel
would be considered to be in the best interest of the government.
Among the factors which should be considered are length of time of the
function and distance to be traveled.   (See MAOP, Part II, 8-5.)

        (5)    Should the weight of facts demonstrate that
|government-owned, -rented, or -leased|vehicles were in fact being used          |
primarily for commuting purposes and were clearly not being operated
primarily for the benefit of the government, then this would be in
violation of Title 31, USC, Section|1344.   (See MAOP, Part I,                   |
1-3.1.2.)|   Employees should be reminded that|Title 31, USC,|Section           |
                            SENSITIVE

SENSITIVE
Manual: MAOPP1 MANUAL OF ADMIN OPERATIONS AND PROCEDURES PART 1
-------------------Old Version - Effective Date: 05/15/1997-------------------

1349(b) requires a minimum suspension of one month without
compensation for anyone who uses or authorizes the use of a government
vehicle for other than official purposes.  Additional penalties are
optional.  (See MAOP, Part I, 13-13.)

        (6)   The employee who is authorized to drive the Bureau
vehicle between his/her residence and office is considered to be using
the vehicle for "official purposes" so that the use is not prohibited
by Title 31, USC, Section|1344.| The employee is not, however,                    |
considered to be on official business such that he/she can use the
commuting time to qualify for Availability Pay.  The passengers are
not on official business when they are riding to and from work with
the driver and are, therefore, not eligible for benefits under the
Federal Employee's Compensation Act.  Any time a Special Agent who is
on duty and is en route to or from his/her residence, receives
instructions to proceed to an emergency situation, any passengers who
are not likewise instructed are to be discharged.

        (7)   The addition of more passengers subjects the
government to increased liability.  Assuming the driver is within the
scope of his/her employment, the government would be liable for
damages suffered by the passengers as a result of the driver's
negligence.  If the driver is determined to be outside the scope of
his/her employment when an accident occurs through the driver's
negligence, then the "driver's statute" of the Federal Tort Claims
Act, Title 28, USC, Section 2679(b), would be inapplicable, and the
driver could be personally liable for damages suffered by the
passengers, third parties, and the vehicle itself, as well as the
penalties of Title 31, USC, Section 1349(b).  The picking up of and
discharging of passengers at a point not en route to and from work
could place the driver outside the scope of his/her employment.
Therefore, the drivers of Bureau vehicles which are authorized to be
driven between the residence and office are limited to routes that may
normally be traveled to and from work.

        (8)   Bureau vehicles may be used to transport ill or
injured employees to a hospital or health-care facility.
Administrative leave is not necessary where a government or personally
owned vehicle is utilized to transport a sick or injured employee to a
hospital or health-care facility.  Form FD-661, "Waiver for
Transporting Bureau Personnel Via FBI Vehicles" must be executed.
(See MAOP, Part II, 6-8.2(2).)

        Bureau vehicles may not be used to transport ill or
injured employees to their residence.

        (9)   Immediately following an employee's arrest or
administrative finding of driving while under the influence (DUI) or
while intoxicated, that employee will be prohibited from operating a
SENSITIVE

SENSITIVE
Manual: MAOPP1 MANUAL OF ADMIN OPERATIONS AND PROCEDURES PART 1
-------------------Old Version - Effective Date: 05/15/1997-------------------

government motor vehicle.  Whenever an employee is found guilty of
alcohol-related misconduct, a division head will determine the extent
to which the employee's privilege to operate a government motor
vehicle will continue to be suspended.  In alcohol-related misconduct
cases involving the use of a motor vehicle, a presumption will exist
that there is a necessity to suspend the employee's privilege to
operate a government motor vehicle for a period of not less than ONE
YEAR following his/her offense.  This suspension will occur regardless
whether the nature of the employee's motor vehicle offense has been
reduced as a result of judicial review, plea bargaining, or the
employee's entry into a diversion or substance abuse program.
Whenever a Special Agent is suspended from operating a government
motor vehicle as a result of alcohol-related misconduct and following
a determination of such misconduct by the Bureau, he/she will NOT be
considered eligible to earn premium compensation, such as Sunday pay,
holiday pay, night differential, and Availability Pay.  Prior to
discontinuing eligibility for Availability Pay, the employee will be
afforded appropriate adverse action proceedings.  (See MAOP, Part I,
1-30.3, 8-1.12.2 and 12-1.5.)

**EffDte: 05/15/1997 MCRT#: 671  Div: FDOP        Cav:           SecCls: